UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

NICHOLAS CUFAUDE

                    Plaintiff,          2:14-cv-00116-TC


            v.                          FINDINGS AND
                                        RECOMMENDATION
MARK NOOTH, et al.,

                    Defendants.

COFFIN, Magistrate Judge.

    Plaintiff, an inmate in the custody of the Oregon
Department of Corrections, currently housed at the Snake River
Correctional Institution Special Housing Unit (SHU), filed a
complaint under 42 U.S.C. § 1983 alleging that the conditions
of his confinement constitute cruel and unusual punishment in
violation of the Eight Amendment.    Plaintiff's principal
complaints concern allegedly "unsanitary" Food Services
conditions.

1 - FINDINGS AND RECOMMENDATION

By Order (#49) entered August 11, 2014, plaintiff's "Declaration" (#40) was construed as a motion for preliminary injunction.

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," and it is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits. University of Texas v. Camenisch, 451 U.S. 391, 395 (1981); Tanner Motor Livery, Ltd. V. Avis, Inc, 316 F.2d 804, 808 (9th Cir. 1983); see also, Regents of University of California v. ABC, Inc., 747 F.2d 511, 514 (9th Cir. 1984) ("* * * the function of a preliminary injunction is to preserve the status quo ad litem.") Wright and Miller, Federal Practice and Procedure § 2947 (1973) ("* * * the most compelling reason in favor of entering a Rule 65(a) order is the need to prevent the judicial process from being rendered futile by defendant's actions or refusal to act").

In this case, the preliminary injunctive relief requested in plaintiff's Declaration (#40) would essentially constitute a judgment on the merits of plaintiff's claims. Under these circumstances, a preliminary injunction is generally not appropriate.

The relevant factors for determining whether a

preliminary injunction should issue were canvassed by the
Ninth Circuit in <u>United States v. Odessa Union Warehouse</u>, 833
F.2d 172, 174 (9th Cir. 1987) as follows:

> "The factors we traditionally consider in
> determining whether to grant a preliminary
> injunction in this circuit are (1) the
> likelihood of plaintiff's success on the
> merits; (2) the possibility of plaintiff's
> suffering irreparable injury if relief is
> not granted; (3) the extent to which the
> balance of hardships favors the respective
> parties; and (4) in certain cases, whether
> the public interest will be advanced by
> the provision of preliminary relief. <u>Dollar
> Rent A Car of Washington Inc. v. Travelers
> Indemnity Company</u>, 774 F.2d 1371, 1374
> (9th Cir. 1985). To obtain a preliminary
> injunction, the moving party must show
> either (1) a combination of probable success
> on the merits and the possibility of
> irreparable injury or (2) that serious
> questions are raised and the balance of
> hardships tips in its favor. <u>Benda v. Grand
> Lodge of the Int'l Ass'n of Machinists &
> Aerospace Workers</u>, 584 F.2d 308, 314-15
> (9th Cir. 1978), <u>cert</u>. <u>dismissed</u>, 441 U.S.
> 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979).
> These two formulations represent two points
> on a sliding scale in which the required
> degree of irreparable harm increases as the
> probability of success decreases. <u>Oakland
> Tribune Inc. v. Chronicle Publishing Co.</u>,
> 762 F.2d 1374, 1376 (9th Cir. 1985).

Thus, "[t]he elements of the preliminary injunction test
are balanced, so that a stronger showing of one element may
offset a weaker showing of another. For example, a stronger
showing of irreparable harm to plaintiff might offset a lesser
showing of likelihood of success on the merits." <u>Alliance for
the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir.

2011) (*citing*, <u>Winter v. NRDC</u>, 555 U.S. 7 (2008)).

The moving party must show, at an irreducible minimum, that they have a fair chance of success on the merits. <u>Stanley v. University of Southern California</u>, 13 F.3d 1313, 1319 (9th Cir. 1994), (quoting <u>Martin v. International Olympic Committee</u>, 740 F.2d 670, 674-675 (9th Cir. 1994)); <u>Committee of Cent. American Refugees v. I.N.S.</u>, 795 F.2d 1434, 1437 (9th Cir. 1986). This is so because the probability of success on the merits is the critical standard in determining the propriety of preliminary relief. <u>Lancor v. Lebanon Housing Authority</u>, 760 F.2d 361, 362 (1st Cir. 1985).

The Ninth Circuit has adopted an analytical approach to the "likelihood of success" factor which considers whether "serious questions going to the merits (are) raised and the balance of hardships tips sharply in plaintiff's favor." <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011). This test is also referred to as the "serious questions" test. *Id.*, at 1132. "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support the issuance of an injunction, assuming the other two elements of the *Winter* test are met." *Id.*

Courts apply a more exacting standard when the moving party seeks a mandatory, as opposed to a prohibitory,

preliminary injunction.  *See*, <u>Martin v. Int'l Olymopic Comm.</u>, 740 F.2d 670, 675 (9th Cir. 1984) ("In cases such as the one before us in which a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction.").

In this case, plaintiff's requested preliminary relief, specifically to require SCRI officials to install a new drainage system in the SHU, goes well beyond maintaining the status quo *pendente lite*.

In addition, although plaintiff may arguably have some likelihood of success with respect to some of his claims, he has not demonstrated any possibility of irreparable harm if preliminary relief is not granted.  The record reflects that defendants have been responsive to plaintiff's concerns and have taken mitigating measures to accommodate plaintiff's complaints. Plaintiff acknowledges in his complaint that he is "now permanently on 'paper tray' status which is hermetically sealed with plastic wrap." Amended Complaint (#39), paragraph 13.

Based on the foregoing, plaintiff's Declaration (#40) construed as a motion for preliminary injunctive relief should be denied.

This recommendation is not an order that is immediately

appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this __16__ day of October, 2014.

Thomas M. Coffin
United States Magistrate Judge